### Jacob F. Keller v. Jacob Holderman.

Where defendant gave plaintiff his check for three hundred dollars for a silver-watch, worth fifteen, but the whole transaction was in mere frolic and banter, the one party not expecting to buy the watch nor the other to sell it, it was held that no recovery could be had upon the check, notwithstanding defendant had retained the watch, and did not offer to return it until the trial.

*Submitted on briefs April 17th. Decided May 12th.*

Error to Berrien Circuit.

Action by Holderman against Keller upon a check for $300, drawn by Keller upon a banker at Niles, and not honored. The cause was tried without a jury, and the Circuit Judge found as facts, that the check was given for an old silver watch, worth about $15, which Keller took and kept till the day of trial, when he offered to return it to the plaintiff, who refused to receive it. The whole transaction was a frolic and banter — the plaintiff not expecting to sell, nor the defendant intending to buy the watch at the sum for which the check was drawn. The defendant when he drew the check had no money in the banker's hands, and had intended to insert a condition in the check that would prevent his being liable upon it; but as he had failed to do so, and had retained the watch, the Judge held him liable, and judgment was rendered against him for the amount of the check.

KELLER v. HOLDERMAN.

*W. A. Moore* for plaintiff in error.

*James Brown* for defendant in error.

MARTIN CH. J.:

When the Court below found as a fact that "the whole transaction between the parties was a *frolic and a banter*, the plaintiff not expecting to sell, nor the defendant intending to buy the watch at the sum for which the check was drawn," the conclusion should have been that no contract was ever made by the parties, and the finding should have been that no cause of action existed upon the check to the plaintiff.

The judgment is reversed, with costs of this Court and of the Court below.

The other Justices concurred.