## Albert Fisher v. William Hood.

*Evidence. Seduction.* On the trial of an action brought by the plaintiff for the seduction of his daughter, the defendant offered to prove, that the person seduced, who had testified for plaintiff, and denied the same fact on cross-examination, had admitted that she had stated, some two or three years before the alleged seduction, that she was keeping company with and engaged to one J. S. *Held,* That there was no ground on which such evidence was admissible. It was not relevant to the issue, and was equally inadmissible, whether offered for impeachment or contradiction, because entirely immaterial.

*Heard April 12th. Decided April 17th.*

Error to Wayne Circuit.

There was but one error assigned. The nature of the case and the ground of the allegation of error are sufficiently stated in the opinion of the Court.

*Moore & Griffin*, for plaintiff in error.

They cited 13 *Ala.* 324; 33 *Me.* 367; 1 *Md.* 1; 8 *Texas*, 284.

*G. V. N. Lothrop*, for defendant in error.

CAMPBELL J.

Hood sued Fisher for the seduction of Sarah Hood, his daughter, in June, 1863. Evidence was given of the offence complained of. The plaintiff also showed by her that some years before there had been an illicit connection between the same parties. On cross-examination she was asked whether she had not been engaged to one John Sly, which she denied. She also denied admitting to Hial Sly that she had been engaged to John Sly. Defendant Fisher then offered to show by his mother, Lydia Fisher, that in 1860 and 1861 Sarah Hood told her she was keeping company with and engaged to John Sly, and that John Sly in 1861 brought Sarah to witness' house. This testimony was excluded, and exception was taken to the exclusion.

We can perceive no possible ground on which such evidence was admissible. It was not relevant in any way to the issue, and whether offered for impeachment or contradiction it was equally inadmissible, because entirely immaterial, even had a foundation been laid for asking impeaching questions.

The judgment must be affirmed, with costs.

The other Justices concurred.