### SULLIVAN *v.* TRUSZKOWSKI.

1. EVIDENCE—SEDUCTION—OPINIONS—CONCLUSION OF WITNESS.

Upon the trial of an action for seduction, which was brought by a Polish girl, who died after the trial, testimony of a relative to decedent, in answer to the question, what was the attitude of defendant toward her, that "they used to treat each other pretty nice," was rightly allowed to stand notwithstanding the objection of defendant's counsel that it was a conclusion, since it is frequently a question for the discretion of the court, in a doubtful case, whether the witness should be permitted to describe in the form of a conclusion the effect which certain transactions had upon the witness.

2. SAME—WITNESSES—CUSTOM OR HABIT.

Nor did the trial court err in excluding from the record the question asked by defendant's counsel whether defendant was in the habit of making presents to a child at any particular time of the year, the witness replying, "No, only on Christmas," offered as tending to show that defendant was at the home of the child on one of the occasions when it was alleged that he was with deceased: the proposed testimony was too indefinite and uncertain as to whether it was a custom of defendant's or of persons belonging to his religion.

3. SAME—PROOF OF ANOTHER ENGAGEMENT.

It was not permissible, in behalf of the defendant, to attempt to show that at the time of the alleged seduction he was engaged to marry another girl with whom he had frequently appeared in public, and to attempt to show that his relations with her were well known to neighbors, friends, and acquaintances: unless the testimony was brought home to the decedent before the time of the alleged seduction it would be incompetent to affect the question of her good faith.

4. SEDUCTION — PROMISE OF MARRIAGE — ABSOLUTE CONTRACT — APPEAL AND ERROR.

A merely conditional promise of marriage, based upon possible results of illegal relations, is insufficient as a basis
185 Mich.—2.

of an action for seduction, as such a promise has been held to have no tendency to overcome the natural sentiment of virtue or chastity: the trial court was in error in instructing the jury that in a seduction case the promise might be based upon the contingency that if the plaintiff became pregnant defendant would marry her. But, where it clearly appeared by the record that no promise of a conditional kind was shown by plaintiff's testimony or by other evidence in the case, the error was not prejudicial and will be treated as surplusage.[1]

5. SAME—TRIAL—ARGUMENT.
    *Held*, also, that argument of counsel alleged to have been prejudicial was not so improper as to warrant a reversal of the judgment.

Error to Kent; Brown, J. Submitted January 5, 1915. (Docket No. 4.) Decided March 18, 1915.

Case by Alice Kopicka against Anthony Truszkowski for seduction. Upon the decease of the plaintiff her administratrix, Florence K. Sullivan, was substituted as party plaintiff. Judgment for plaintiff. Defendant brings error. Affirmed.

*Dunham & Dunham,* for appellant.

*Hall & Gillard,* for appellee.

KUHN, J. This is an action for seduction, in which it is claimed that plaintiff's decedent was seduced by the defendant under a promise of marriage. The trial resulted in a verdict and judgment for plaintiff. Plaintiff's decedent died after a writ of error was issued in this cause, and the plaintiff was duly appointed special administratrix of her estate to prosecute this action.

Plaintiff's decedent was a Polish girl, who came to this country from Russian Poland in October, 1911.

_____

[1] As to the effect of promise of marriage conditioned on pregnancy in action for seduction, see note in 51 L. R. A. (N. S.) 809.
On the question of offer of marriage as a defense to action for seduction, see note in 29 L. R. A. (N. S.) 421.

She met the defendant soon after arriving here, at which time she was 19 years of age and he 25. It was her claim that, after the defendant obtained her confidence, he committed two different and distinct acts of seduction, to wit, on Saturday night, December 21, 1912, and on Sunday afternoon, December 29, 1912, on both of which occasions defendant promised to marry her, and that she consented to the act relying on the promises made in each instance. These claims were denied by the defendant.

The first error relied upon and argued by appellant in his brief relates to the examination of the witness Valeria Duba, the wife of plaintiff's decedent's half-brother, who was asked, "Just what was their attitude toward each other, as evidenced by their actions?" and answered, "They used to treat each other pretty nice." It is contended that the motion to strike out this answer should have been granted, for the reason that it stated a mere conclusion. The only justification for allowing the answer is found in an exception to the opinion rule of evidence which allows a witness to give his opinion or conclusion where it would be impossible to state the minor details going to make up his answer so that the jury could understand. It is sometimes difficult to determine exactly where the line should be drawn between the rule excluding opinion evidence and the exception referred to. And while it would seem that the witness, in the answer to the question here propounded, might have detailed more particularly what she actually saw that led up to the conclusion she arrived at, as stated in her answer, nevertheless we do not think it was prejudicial error to allow the answer to stand, as the trial court, who heard and saw the witness, was better qualified to determine whether under all the circumstances the witness should have been allowed to answer as she did. With reference to this rule, Jones on Evidence, vol. 2, § 359, states the following:

"But there are many cases so near the line between the rule and its exception that an appellate court should not be swift to reverse the rulings of the court below unless it is reasonably clear that a plain error of law has been committed. There is a wide difference in the ability of witnesses to describe what they have seen, and to narrate what they have heard. One witness may be able to make so graphic a word picture of the scene he has witnessed that those who hear it are in as good a situation to deduce a correct conclusion as he is; while another, who has observed the same incidents, may be utterly incapable of describing them, and can do nothing but state the impression or conclusion he drew from them. The trial court sees and hears each witness, and in doubtful cases is far better qualified than the court of appeals to determine whether a witness should be confined to the facts, or should be allowed to state his conclusions."

Appellant's fourth and fifth assignments of error relate to the following questions and answers propounded to the witness Amelia Zalewski, who was the mother of a child for whom the defendant had been named godfather, according to the custom of the Polish Catholic church. Witness was asked, "Do you know of Tony making any presents to the child because of his appointment?" The record discloses that notwithstanding the court sustained an objection as to the immateriality of the question, it was answered as follows: "I know of Tony making presents to the child." The answer was allowed to stand, and was not stricken from the record, so there cannot be any merit to this assignment of error.

Another assignment of error relates to the question asked of the same witness, "Was there any particular time of the year when he did that?" and the answer, "No, just on a Christmas," which answer, on motion of counsel, was stricken on the ground that it was too general, and also because "it assumes it was the custom, or something of that kind, which would be immaterial." It is appellant's claim that he was at an en-

tirely different place at the time of the alleged seduction, and that it was relevant and competent to show the custom among the Polish Catholic people of making such presents at Christmas time, as corroborative evidence of his claim that he was at the home of the witness on the evening of December 21st, bringing a present to his godchild.

With reference to the general principle concerning the proving of a habit or custom, Mr. Wigmore, in his work on Evidence (vol. 1, § 92), says:

"Of the probative value of a person's habit or custom, as showing the doing on a specific occasion of the act which is the subject of the habit or custom, there can be no doubt. Every day's experience and reasoning make it clear enough." (Citing cases.) "There is, however, much room for difference of opinion in concrete cases, owing chiefly to the indefiniteness of the notion of habit or custom. If we conceive it as involving an invariable regularity of action, there can be no doubt that this fixed sequence of acts tends strongly to show the occurrence of a given instance. But in the ordinary affairs of life a habit or custom seldom has such an invariable regularity. Hence it is easy to see why in a given instance something that may be loosely called habit or custom should be rejected, because it may not in fact have sufficient regularity to make it probable that it would be carried out in every instance or in most instances. Whether or not such sufficient regularity exists must depend largely on the circumstances of each case."

So, in the instant case, we are of the opinion that the answer to the question was properly excluded, for the reason that it is too indefinite and uncertain what custom it was sought to establish, whether it was a custom as to the actions of this particular individual defendant or as to the habit of the devotees of the Catholic religion. The answer to the question was that he did this "just on a Christmas." The day to which the testimony is sought to be referred is December 21st, so it is also clear that he might have

conformed to the custom and still not have been present at the home of the witness at the time that the alleged seduction took place; and therefore, even if such a custom were established, it would have no real probative force to corroborate the testimony of the witness or defendant's own claim that he was at the home of the witness on the evening of December 21st.

Other assignments of error relate to the admissibility of evidence which the trial court excluded, by which the defendant sought to show that at the time of the alleged seduction he was engaged to marry another girl, and that he appeared in public frequently with her, and that such engagement was known to his neighbors, friends, and acquaintances. The trial court excluded the testimony on the ground that it would not be competent unless such knowledge was brought home to the plaintiff's decedent before or at the time of the act complained of, and that even then it would only be competent as bearing upon the good faith of the claim of plaintiff's decedent that she relied upon the defendant's promise of marriage in consenting to the act. We are of the opinion that the court was correct in its ruling, and that this testimony was entirely immaterial unless knowledge of the same was brought home to the plaintiff's decedent, which the record does not disclose. *Fisher* v. *Hood,* 14 Mich. 189; *Simons* v. *Busby,* 119 Ind. 13 (21 N. E. 451).

The court, in charging the jury, said:

"And while it would not be good in a breach of promise case for a man to say to a woman, 'If we have sexual intercourse and you get into the family way I will marry you,' in a seduction case that is good, that makes the case; the difference being that in a breach of promise case the promise must be a decent, respectable, legitimate promise of marriage, made by the one and accepted by the other to be made in good faith, that makes a breach of promise case. But in seduction, if a man says to a woman, 'You give up to me and if you get pregnant I will marry you,' and

she relies upon that and gives up to him, then that makes a cause of action for seduction."

Under the rule in this State there is no question that this is an incorrect statement of the law, as this court has held that the promise of marriage in a seduction case must be absolute, and not conditional. As was said in *People* v. *Smith,* 132 Mich. 58 (92 N. W. 776):

"Such a promise (a conditional one) has no tendency to overcome the natural sentiment of virtue and purity. The woman who yields upon such a promise is in no better position than as though no promise whatever had been made. * * * The commission of the offense cannot depend upon the happening of a subsequent event."

See, also, *People* v. *Carlos,* 183 Mich. 269 (149 N. W. 1006).

However, there was no such issue in this case, and our attention has not been challenged to any testimony in the record, nor have we been able to find any, to show that there was a conditional promise of marriage made to the plaintiff's decedent. She testified with reference to defendant's promises, as follows:

"He was always kissing me, and said we would always live together and we would get married and I should not be afraid. I believed what he said. I loved him, and he always told me that he loved me. * * * He said we would both get married, right after Easter, I can't say what year. He said we would both get married and everything would be good with us. * * * On December 21, 1912, Tony promised to marry me, when he was talking me up to that. On December 29th he promised to marry me before and after we had intercourse. I believed him. That was the reason I did what we did."

As it conclusively appears that the portion of the charge complained of had no application to the facts in issue in this case, it must be treated as surplusage, and it cannot be said to have been prejudicial error.

We have examined the assignments of error with

reference to improper argument of counsel, but are not impressed that anything that was said prejudiced the rights of the defendant or affected the result. *Houser* v. *Carmody*, 173 Mich. 121, 135 (139 N. W. 9); *City of Kalamazoo* v. *Paper Co.*, 182 Mich. 476 (148 N. W. 743).

All other assignments of error having been examined and no prejudicial error being found in the record, the judgment is affirmed.

BROOKE, C. J., and McALVAY, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.