PEOPLE v. KELLOGG.

1. HUSBAND AND WIFE—NEGLECT TO SUPPORT—CRIMINAL LAW—TEST AS TO GUILT—NECESSARIES FURNISHED WIFE.

In a prosecution on a charge of being a disorderly person under 2 Comp. Laws 1915, § 7774 et seq., in that defendant neglected and refused to support his wife and baby, where the evidence shows that defendant and his wife were living apart, the test in such cases appears to be whether such a case is established as would entitle a third person to recover against the husband for necessaries furnished the wife.[1]

2. SAME—LIVING APART—BURDEN OF PROOF.

During cohabitation the assent of the husband is assumed, but if they are living apart, the burden is upon the person furnishing the necessaries to show that the circumstances are such as to render the husband liable.

3. SAME—EVIDENCE—DIRECTED VERDICT.

Evidence that defendant furnished a home for his wife with his parents, but because it was sometimes unpleasant for her, although no serious quarrels arose, she left and went back to her parents' home, held, to require a directed verdict for defendant.

OSTRANDER, J., dissenting.

---

[1]See notes in 65 L. R. A. 529; 47 L. R. A. (N. S.) 279.

Error to Lapeer; Williams, J. Submitted January 16, 1919. (Docket No. 110.) Decided April 3, 1919.

Charles B. Kellogg was convicted under section 7774 *et seq.*, 2 Comp. Laws 1915, of nonsupport of his wife and child. Reversed, and defendant discharged.

*B. F. Reed*, for appellant.

*Herbert W. Smith*, Prosecuting Attorney, for the people.

BIRD, C. J. Defendant was convicted in the Lapeer circuit court on the charge of being a disorderly person, under section 7774 *et seq.*, 2 Comp. Laws 1915, in that he neglected and refused to support his wife and baby. By way of defense in the trial court it was insisted in his behalf that under the conceded facts he was not guilty. A verdict was requested in his behalf but was refused. The trial court was of the opinion that a question of fact was involved, and taking this view of the matter he submitted it to the jury. Defendant makes the same contention in this court.

The parents of the complaining witness and defendant are farmers and lived nearly opposite of each other. The young people were married in December, 1917. In pursuance of a previous understanding they went to reside with defendant's parents. After a period of six months the wife returned to her father's home. After being away six months she returned to her husband's home and remained three and a half months, when she again left and went to reside with her parents. The trial court left it to the jury to say whether she was justified in leaving.

1. The test in such cases appears to be whether such a case is established as would entitle a third per-

son to recover against the husband for necessaries furnished the wife. *People* v. *Pettit,* 74 N. Y. 320. During cohabitation the assent of the husband is presumed, but if they are living apart the burden is upon the person furnishing the necessaries to show that the circumstances are such as to render the husband liable. *Id.* 325; *Blowers* v. *Sturtevant,* 4 Denio (N. Y.), 46. Measured by this test we think counsel's point is well taken that a case was not made for the jury. It was stated by defendant, and concurred in by the wife, that defendant had theretofore offered to support her and her child if she would return to his home. The wife makes no complaint that she was cruelly treated by either her husband or his parents. The wife's complaint, in substance, is that it was disagreeable to remain in the home with the old people, the reasons given for this are a series of disagreeable remarks and little criticisms on the part of defendant's mother and father, which were never serious enough to provoke a quarrel. The home was a large and commodious one and defendant was an only child, who was assisting his father in the operation of the farm. No complaint is made against the defendant except that on several occasions when these annoyances were called to his attention by his wife he approved of them. It could hardly be claimed that a showing no more serious than this would entitle one, who had furnished the wife necessaries while living separate from her husband, to have the question submitted to a jury to determine whether she was justified in leaving. In the case of *People* v. *Pettit,* heretofore referred to, the facts differed from the present ones in no material respect. In holding that no case was made for the jury, it was said in part that:

"I assume what is fairly inferable from her evidence that the residence in the same house with the parents was unpleasant, and we may assume further

that they and the husband were in fault. But this does not establish that the husband refused or neglected to maintain his wife. The statute is not a substitute for an action of divorce, it was not designed to settle marital controversies, nor to furnish relief for violation of marital obligations, except in the single particular of requiring a support or maintenance. The statute is summary and highly penal and must be strictly construed. The defendant is charged with neglecting to support his wife. Does he neglect when he offers to support her, and no question is made of the good faith of the offer? As well might it be said that he neglected to support his wife if she had returned with him, because her surroundings were disagreeable. A husband cannot be made a vagrant and a disorderly person, and held amenable to this statute by not complying with any condition in respect to support which the wife may see fit to impose, nor is it proper to refer the reasonableness of the condition to the decision of a jury. She exacted in this instance a separate house. Why might she not a particular kind of a house in a particular neighborhood, or impose other conditions? The husband has a right to select his own residence and the support which this statute was intended to secure is, the necessaries of life, or such as the parties have been accustomed to, and the husband is able to provide."

The facts in the present case are so like those in the case cited that we think the same conclusion should be reached. It therefore follows that the motion for a directed verdict should have been granted.

The judgment of conviction must be set aside and the defendant discharged.

MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred with BIRD, C. J.

OSTRANDER, J. Respondent is convicted of failure to support his child, and the evidence shows him to be guilty. For this reason the conviction ought to be affirmed. In any event the respondent ought not to be discharged.