PEOPLE v. BECKMAN.

1. CRIMINAL LAW—REFUSING TO SUPPORT WIFE—QUESTION FOR JURY.
In a prosecution for a violation of 2 Comp. Laws 1915, § 7774, in that defendant refused and neglected to support his wife, whether the amount contributed by defendant was insufficient, *held*, under the proofs, a question for the jury.

.2. SAME—EVIDENCE—CONCLUSION.
Testimony by the wife that the amount paid her by defendant was insufficient to support her, *held*, not reversible error as a conclusion, where she also testified as to what she did with the money received, and that she had insufficient to pay her fuel bill and buy clothes.

3. SAME—EVIDENCE—NECESSITIES—MEDICAL AND DENTAL SERVICES.
In said prosecution, as bearing on the question of necessities, it was proper to show the state of the wife's health, and that she was in need of medical and dental services.

4. HUSBAND AND WIFE — NECESSITIES — SUPPORT TO WHICH WIFE ENTITLED.
The support to which a wife is entitled from her husband, in addition to food, includes shelter, fuel, clothes, and medical and dental services, if necessary.

Exceptions before judgment from Bay; Houghton (Samuel G.), J. Submitted January 13, 1927. (Docket No. 152.) Decided July 29, 1927.

Jacob Beckman was convicted of violating 2 Comp. Laws 1915, § 7774, in that he refused to support his wife. Affirmed.

*Collins & Thompson*, for appellant.

*William W. Potter*, Attorney General, and *Frank C. Patterson*, Prosecuting Attorney, for the people.

[1]Criminal Law, 16 C. J. § 2274; Husband and Wife, 30 C. J. § 950; [2]Criminal Law, 17 C. J. § 3674; [3]Husband and Wife, 30 C. J. § 947; [4]Id., 30 C. J. §§ 35, 925.

FELLOWS, J.     A complaint was lodged against defendant on November 30, 1925, for violating the provisions of section 7774, 2 Comp. Laws 1915, in that he refused and neglected to support his wife, being of sufficient ability so to do.     A trial before the police judge of the city of Bay City resulted in his conviction, and on appeal a like result was reached in the circuit. He here reviews such conviction on exceptions before sentence.

Defendant and his wife were people in middle life. They had two grown-up children.     The testimony tended to show that defendant left his wife some time before this proceeding and filed a bill for divorce. Pending the divorce suit, the wife was awarded $8 a week for her support and this sum was paid.     Defendant's bill of complaint was dismissed June 18, 1925, whether upon hearing or voluntarily does not appear.     Thereafter defendant continued to pay $8 a week to his wife.     The prosecution claimed that the amount contributed by defendant was insufficient to support the wife, and we are persuaded that the proofs made that a jury question.     It is not claimed, and can not be, that the amount paid under the order of the court during the pendency of the divorce proceedings is subject to review in this proceeding.     *Crittenden* v. *Schermerhorn*, 39 Mich. 661 (33 Am. Rep. 440). What is claimed by the prosecution is that the payment of $8 a week after the dismissal of the bill for divorce was insufficient to furnish the wife with the necessities of life, and that the proof establishes that fact.

There are several assignments of error upon the admission of proof, none of which are tenable.     The wife testified that the amount paid was insufficient to support her.     It is claimed this was a conclusion, but she also testified that she used the money she received to buy food with; that she did not have sufficient

to pay her fuel bill and was in debt for six or seven tons of coal; that she lived in a house owned by her brother and paid no rent; and that she had no money to buy clothes with. We do not think her statement that the amount she received was insufficient constituted reversible error. *Sullivan* v. *Truszkowski,* 185 Mich. 17 (L. R. A. 1918A, 617); *McDonald* v. *Railway Co.,* 144 Mich. 379. We think, as bearing on the question of necessities, it was proper to show the state of her health and that she was in need of medical and dental services. The husband did not discharge his duty by furnishing only enough money to buy sufficient food to keep body and soul together. In addition to food the wife was entitled to shelter, fuel, clothes, medical and dental services, if necessary. Upon this record it was for the jury to say whether these necessities had been provided by the defendant. The trial judge submitted the case to the jury under the rule as laid down in *People* v. *Kellogg,* 205 Mich. 482. The case was one for a jury and it was properly submitted to them. There was no prejudicial error in the admission of testimony.

The exceptions are overruled.

SHARPE, C. J., and BIRD, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.