## CHILES v. GOOD.
### No. 1054.

Court of Civil Appeals of Texas.  Waco.
June 25, 1931.

Rehearing Denied Sept. 17, 1931.

Collins & Martin, of Hillsboro, for appellant.

Wear, Stollenwerck & Wear, of Hillsboro, for appellee.

ALEXANDER, J.

This was a suit brought by J. D. Good against H. E. Chiles to recover the sum of $1,200 and interest, being the purchase price of certain corporate stock in the Farmers' Gin Company which plaintiff alleged he sold to defendant and for which defendant refused to pay. It was the defendant's contention that there was never an intention on his part to purchase the stock, but that the entire transaction was intended as a joke. The court gave an instructed verdict for the plaintiff. The defendant appeals.

The plaintiff was the only witness in his own behalf. The defendant and Joe Ince were the only witnesses for the defendant. Since the court gave an instructed verdict for the plaintiff, it is the duty of this court to consider the testimony in the most favorable light to the defendant, and if, under the testimony, reasonable minds might differ as to the effect thereof, the court should reverse the case. Lee v. I. & G. N. Ry. Co., 89 Tex. 588, 36 S. W. 63–65.

According to the testimony of the defendant and the witness Ince, it appears that the defendant was a banker in Itasca. The bank held, as collateral to a loan carried by it, two shares of the stock in the gin company and desired to sell the stock in order to liquidate the loan. The plaintiff was the secretary of the gin company and owned twelve shares of stock therein. The defendant called the plaintiff into the bank for the purpose of ascertaining the value of the stock. The plaintiff, upon inquiry, stated that the stock, which was of the par value of $100 per share, was worth $30 or $40 per share. The defendant then said: "I'll bet you wouldn't take that for yours." The plaintiff replied, "No." The defendant said, "What would you take?" The plaintiff replied that he would take $100 per share. The defendant said, "Will you put up a check on it?" And the plaintiff said, "Yes." The defendant then wrote out two checks for the sum of $500 each and marked on them, "for forfeit on $1,200.00 stock at 1,200." One check was signed by the plaintiff and the other by the defendant, and both checks were

handed to Ince, the assistant cashier of the bank. About that time the defendant was called away on other business and thought no more about the matter until the plaintiff, who lived in Ballinger, drew a draft, with the stock attached, on the defendant for the purchase price of the stock. The defendant further testified that he meant the entire matter as a joke, and that he thought the plaintiff so understood it, and that he had denied liability when he first learned that the plaintiff had taken the matter seriously. The defendant offered to prove that the stock was only of the value of $30 or $40 a share, and that he could have bought other stock in the same company on the market at that time at that price. Joe Ince, the other witness for the defendant, testified that he heard the entire transaction. He corroborated the defendant as to how the transaction occurred, and testified that the defendant never at any time said he would buy or accept the stock. If this witness had been permitted to do so, he would have testified that the parties, at the time of the supposed trade, were acting in a joking manner. The plaintiff testified that he was in earnest and intended it as a bona fide sale, and that nothing occurred at the time to lead him to believe that the defendant considered it otherwise, and, if his testimony is true, there was in fact a good-faith sale of the stock.

■ It is well settled that an offer and an acceptance, although complete, cannot be the foundation of a binding contract where the offer is made and accepted, not with the intention of making a contract, but as a mere jest or joke. 13 C. J. 287, § 94; 1 Page on Contracts, § 80.

In the case of Theiss v. Weiss, 166 Pa. 9, 31 A. 63, 45 Am. St. Rep. 638, a defendant, while slightly intoxicated, entered into an agreement with the plaintiff for the sale of a large quantity of flour at $4 per barrel at a time when he was purchasing flour at $4.45 per barrel. One of the witnesses who was present when the transaction took place testified that the defendant made the offer to sell the flour in a joking manner, and that he considered the entire transaction as a joke. The court held that the question of whether the offer and acceptance were made seriously or as a joke was a question of fact to be determined by the jury.

In the case of Smith v. Richardson (Ky.) 104 S. W. 705, the defendant agreed to purchase certain oil stock from the plaintiff, and in consideration therefor to settle a certain account owing by the plaintiff to a third party. Witnesses who heard the transaction, testified to circumstances indicating that the defendant intended the matter as a joke. The defendant testified likewise. The court held that the evidence showed that the contract was not entered into seriously by the defendant, and that by reason thereof there was no valid agreement between the parties.

In Keller v. Holderman, 11 Mich. 248, 83 Am. Dec. 737, the defendant gave the plaintiff a $300 check for a $15 watch. Due to the vast difference between the value of the watch and the amount of the check, and the general conduct of the parties at the time of the making of the supposed trade, the court held that the parties had not entered into the agreement seriously, and that there was no contract.

■ If, in the case at bar, the stock was selling for only $30 or $40 per share, and the defendant knew this fact, but was offering to pay $100 per share, and the conduct of the parties was such as to make it reasonably appear to bystanders that the parties were joking, the jury might reasonably have concluded that the entire matter was intended as a joke. While the fact that the defendant went far enough to put up a forfeit was evidence of his earnestness, yet, as said in the case of Smith v. Richardson, supra, such earnestness may have been assumed for the very purpose of carrying out the joke. Under all of the circumstances, we think the evidence raised a question of fact for the jury, and it becomes necessary therefore to reverse the case.

■ Upon another trial of the case the court should admit evidence of the difference, if any, between the market value of the stock and the price being paid therefor, the statements and declarations of the parties to the transaction and the manner of the making of the same, and whether or not the defendant appeared to be joking or acting seriously, and any other facts or circumstances that will throw light upon the intention of the parties at the time. The witness Ince, after laying a proper predicate by stating what was said and done by the parties, may testify as to whether or not the parties appeared to be joking; but he should not be permitted to state that in his opinion they were joking, for this would be permitting the witness to decide the very question before the jury. 22 C. J. 557, § 656; City of Beaumont v. Kane (Tex. Civ. App.) 33 S.W.(2d) 234, par. 12; Ætna Life Ins. Co. v. Robinson (Tex. Civ. App.) 262 S. W. 118, par. 6, affirmed (Com. App.) 276 S. W. 900; St. Louis & S. W. Ry. Co. v. Burke, 36 Tex. Civ. App. 222, 81 S. W. 774; Sullivan v. Truszkowski, 185 Mich. 17, 151 N. W. 665, L. R. A. 1918A, pages 617–721, note; State v. Tate, 161 N. C. 280, 76 S. E. 713. We do not think that the letter written by the defendant to the plaintiff after plaintiff had demanded payment for the stock would be admissible.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.