## GOOD v. CHILES.
### No. 1650—6097.

Commission of Appeals of Texas, Section A.
March 22, 1933.

Wear & Wear, of Hillsboro, for plaintiff in error.

Collins & Martin and R. W. Calvert, all of Hillsboro, for defendant in error.

HARVEY, Presiding Judge.

This suit on a contract was brought by J. D. Good against H. E. Chiles to recover the sum of $1,200 for the purchase price of certain shares of stock in the Farmers Gin Company, a corporation. The plaintiff, Good, alleged in his petition, in substance and effect, that on July 27, 1927, he owned 12 shares of stock in the Gin Company of the par value of $100 per share; that, on the date mentioned, the plaintiff offered to sell said 12 shares of stock to the defendant, for $1,200, and the defendant accepted the offer; that thereafter the plaintiff delivered the stock to the defendant, but the latter refused to pay for same. The case went to trial, before a jury, on the plaintiff's petition, and the answer of the defendant setting up general denial. At the conclusion of the testimony, the trial court instructed the jury to return a verdict for the plaintiff, Good. The verdict was returned, and judgment was entered accordingly. The Court of Civil Appeals reversed that judgment and remanded the cause. 41 S.W.(2d) 738.

The testimony shows, without dispute, that the material facts alleged in the plaintiff's petition are true. The trial court's action, therefore, in instructing a verdict for Good was proper. The controlling question in the case relates to the exclusion of testimony offered by the defendant Chiles. At the trial the latter proposed to prove that the offer to sell the stock was made in jest, and was accepted by the defendant in the same spirit; that both parties were joking. On the objection of Good, all this testimony was excluded from evidence. Chiles contends that this testimony was admissible under his plea of general denial. This contention is overruled. The settled rule in this state is to the effect that, under his plea of general denial, a defendant may introduce any testimony which goes to disprove the facts alleged and proved by the plaintiff, but cannot avoid the legal consequences of such facts, unless he plead the matters in avoidance upon which he relies. Moody & Co. v. Rowland, 100 Tex. 363, 99 S. W. 1112; Smothers v. Field, 65 Tex. 435. In the present instance, the plaintiff alleged and proved the fact of an offer by him to sell to the defendant the shares of stock for $1,200, and the fact of an acceptance of that offer by the defendant. The legal effect of these acts of offer and acceptance, unless avoided in some way, was to create a contract. The proposed testimony did not tend to show that the acts of offer and acceptance did not occur. It could have no bearing on the plaintiff's case, except to avoid the legal consequences of those acts. There was no basis in the pleadings for the introduction of this testimony.

We recommend that the judgment of the Court of Civil Appeals reversing the trial court's judgment be reversed, and that the judgment of the trial court be affirmed.

CURETON, Chief Justice.

Judgment of the Court of Civil Appeals is reversed, and judgment of the district court is affirmed.