ALLEN CRITTENDEN, ADMINISTRATOR OF FREDERICK BASOM
v. SARAH C. SCHERMERHORN.

*Husband not liable for support of wife after payment of alimony.*

A husband who makes sufficient provision for the support of a wife who is separated from him without her fault, or who makes provision that she accepts, is not bound by her contracts for necessaries.

Where alimony, fixed in a divorce suit brought by the wife, has been duly paid, and no application has been made for a greater amount, the husband is not liable for necessaries afterwards furnished to her.

The sufficiency of the alimony allowed in chancery cannot be reviewed by a jury in a proceeding at law against the husband's estate to recover for the wife's support.

A creditor for necessaries furnished to the wife can only sue the husband in her right, and can be in no better position to complain of him than she is.

Error to Washtenaw. Submitted October 23 and 24. Decided November 21.

APPEAL from the disallowance by commissioners in probate of the claim of Sarah C. Schermerhorn against

the estate of Frederick Basom, for services in taking care of her mother, Mrs. Basom. The claimant recovered judgment and the administrator of the estate brought error.

*Joslin & Whitman* for plaintiff in error. The payment of alimony after separation of husband and wife discharges the husband from liability for necessaries furnished her after the order for alimony, Shouler's Dom. Rel., 95, n. 5; 2 Bish. Mar. & Div. (4th ed.), § 401; *Bennett v. O'Fallon*, 2 Mo., 69; *Brisco v. Brisco*, 2 Hag. Con., 199; *Fischli v. Fischli*, 1 Blackf., 360; *Hare v. Gibson*, 2 Cincinnati Bulletin, 298; *Johnston v. Allen*, 39 How. Pr., 506; *Dowe v. Smith*, 11 Allen, 108; *Lord v. Thompson*, 41 N. Y. Superior Ct., 115; an attorney's right to sue a husband for legal services to his wife in a proceeding against her for divorce (*Porter v. Briggs*, 38 Ia., 166) cannot be maintained pending the divorce proceeding, because such a claim is incident to the wife's right to temporary alimony, *Glenn v. Hill*, 50 Ga., 94; a claim for necessaries against a husband whose wife has separated from him, cannot be allowed except on such a showing of the husband's misconduct as would entitle the wife to a divorce, 1 Pars. Cont. (5th ed.), 353; 1 Bish. Mar. & Div., § 569; Tyler's Infancy & Coverture, 355; *Blowers v. Sturtevant*, 4 Den., 46; *Reed v. Moore*, 5 C. &. P., 200; *Rea v. Durkee*, 25 Ill., 503; *Harttmann v. Tegart*, 12 Kan., 177; *Breinig v. Meitzler*, 28 Penn. St., 150; *Billing v. Pilcher*, 7 B. Mon., 458.

*Norris & Uhl* for defendant in error. A husband is liable for necessaries supplied to his wife when living apart from him because of his misconduct, or by mutual agreement, if his allowance to her is inadequate, *Lockwood v. Thomas*, 12 Johns., 248; *Evans v. Fisher*, 10 Ill., 569; *Ross v. Ross*, 69 Ill., 569; *Bevier v. Galloway*, 71 Ill., 517; 2 Bright's Husb. and Wife, 19; Story on Contracts, § 97; *Hodgkinson v. Fletcher*, 4 Campb. 70; the facts

which support divorce *a mensa et thoro* justify a wife in leaving her husband with a credit for necessaries, *Hancock v. Merrick*, 10 Cush., 41; the husband's liability for necessaries is not determined by his requesting his wife to return, 2 Bright's Husb. and Wife, 11.

CAMPBELL, C. J. Defendant in error, Mrs. Schermerhorn, presented a claim against her father's estate for services in taking care of her mother. Mrs. Basom, the mother, left her husband's home in March, 1868, and in April, 1868, went to housekeeping, her daughter Mrs. Schermerhorn going with her and continuing with her until her death in November, 1871. Frederick Basom, the husband, died in the spring of 1873. At the time of the separation he owned a farm in the township of York, Washtenaw county.

The evidence tends to show that Mrs. Basom was justified in leaving her home, and there is some testimony of serious causes of grievance. Immediately after leaving her husband, on the 10th of March, 1868, she filed a bill to obtain a divorce, which, although the record is not explicit, seems to have been based on a claim of cruelty. The parties were both over 80 years old. On the 7th of April, 1868, an order for alimony was made, based on affidavits of Mrs. Schermerhorn and Dr. Watson averring that complainant was and had been for ten years sick and needing constant nursing, watching and care, subject to sinking turns in which she was helpless for days. at a time, and not in condition to be left alone.

This alimony was all paid up from time to time, though not with absolute promptness.

The account of Mrs. Schermerhorn is for her services in her mother's behalf, rendered, as she testifies, at her mother's request, with her mother's assurance of payment. She testifies she never presented an account to her father, nor to any one before she filed it with the commissioners on his estate. There is testimony tend-

ing to show the services were such as would come within the legal definition of necessaries. And there was also testimony which would authorize a jury to find there was ground of recovery, if there had been no alimony granted in the divorce suit.

The divorce suit was brought seasonably to an issue by replication on the 29th of April, 1868. An allowance was made beyond alimony for the expense of testimony. Time was extended 'till November 25, 1868, for taking testimony, but it does not appear that complainant took any, and the case was never brought to a hearing. No application was ever made for further alimony.

In the absence of any express promise, the power of a wife separated from her husband without her fault rests on an implied authority to bind him for necessaries, when he has made no sufficient provision for her support. If he makes sufficient provision, or if he makes provision to an amount she assents to receive without coërcion, he is not bound to make good her contracts for necessaries. This is not questioned. *Hodgkinson v. Fletcher*, 4 Campb., 70; *Reeve v. Marquis of Conyngham*, 2 Car. & K., 444; *Holder v. Cope*, 2 Car. & K., 437; *Mizen v. Pick*, 3 M. & W., 411; *Emmett v. Norton*, 8 C. & P., 506; *Dixon v. Hurrell*, 8 C. & P., 717; *Turner v. Winter*, 1 Selw. N. P. 295; *Ozard v. Darnford*, id.

The principal question presented here is how far the husband is liable when alimony is fixed by a competent court in a suit for divorce brought by the wife. No question can properly arise here upon a failure to pay what has been decreed, because there has been no substantial default, and no services rendered or contracted for by reason of the lack of means caused by default.

In *Manby v. Scott*, 1 Siderfin, 109 (reported in English in 2 Smith's Leading Cases, 408), it was held that a wife separated from her husband by his fault was bound in all cases to apply for alimony to the proper court, and that her husband was not liable for necessa-

ries. The more recent authorities recognizing the want of power in the spiritual courts to enforce their decrees by adequate process have qualified this doctrine by holding the husband exempt if he complies with the order of alimony, but liable for any necessaries which his non-compliance may have made it requisite to obtain on credit.

This question came up in *Hunt v. DeBlaquiere*, 5 Bing., 550, where a husband against whom alimony had been ordered, left the realm and had paid only about two years' allowance in seven years and more. The necessaries furnished were less than the arrears, and he was held liable. The court criticise and distinguish *Manby v. Scott*, and refer to the insufficiency of any proceedings to enforce alimony under such circumstances, and draw the line clearly between the rules applicable to alimony paid and unpaid.

In *Houliston v. Smyth*, 3 Bing., 127, alimony had not been decreed until after the goods were furnished, and was therefore held to be no defense. And in *Keegan v. Smith*, 5 B. & C., 375, the same defense was overruled, although the alimony had been made to date back, because when the credit was furnished, it had not been ordered, and a lawful credit could not be destroyed by matter *ex post facto*.

In *Willson v. Smyth*, 1 Barn. & Ad., 801, the question was plainly settled. There alimony had been decreed in the Consistory court, and the husband appealed to the Arches court from the decree. The appeal superseded the decree, and no new alimony was ordered by the Court of Arches, but the husband kept on paying it, and it appeared the latter court would have ordered it without any new showing if it had been applied for. Under these circumstances the Lord Chief Justice held that the husband was discharged, and non-suited the plaintiff, and a rule to set it aside was refused by the court in bank.

The testimony of the claimant is quite positive that from the beginning of the services they have been con-

stant, and that from the very outset all of her time was devoted to her mother without any considerable addition of labor or responsibility. The showing made on obtaining alimony was to the effect that she was practically entirely helpless. There was no time during the pendency of the divorce suit when an application for a further allowance would not have been competent if any grounds existed for it. The account presented makes no claim for increase during that period, and the alimony was obtained on claimant's showing.

It would certainly be a strange practice to allow a jury in a collateral proceeding to review the action of a court of chancery on a question of fact submitted to it for adjudication. It must be taken for granted that the alimony allowed was the proper amount to be allowed and that the circuit court would at any time have increased it if any reason existed for the increase. The long delay in failing to bring the suit to hearing indicates acquiescence in the condition of things already existing, and the authorities all agree that no creditor can be put in any better position to complain of the husband than the wife herself. It is only in her right that any suit at all can be upheld.

We think the court improperly left it to the jury to consider the sufficiency of the alimony.

The other points do not seem to be very important, as it is not probable the jury found any agreement. There is no evidence that so far as the record shows indicates it, and we must assume their finding was based on the insufficiency of the alimony.

We have made no reference to the very unsatisfactory shape of the record, inasmuch as no attempt was made seasonably to dismiss or to obtain a further return, and it must be assumed the parties were satisfied with it as made.

Judgment must be reversed with costs and a new trial granted.

The other Justices concurred.