## ANNIS v. MANTHEY.

1. HUSBAND AND WIFE—WIFE MAY PLEDGE HUSBAND'S CREDIT FOR NECESSARIES IF HE FAILS TO PROVIDE THEM—PRESUMPTION THAT HUSBAND ASSENTS.

   If a husband fails in his duty to provide his wife with the necessaries of life, she may pledge his credit therefor, and, if she does so, the law presumes that it was done with his assent, but this presumption does not arise where the parties are not living together, nor where the articles purchased are not of ordinary household or family use.[1]

2. SAME—WHEN HUSBAND'S ASSENT PRESUMED AS TO ARTICLES NOT ORDINARILY NECESSARIES.

   No presumption would arise that the purchase by the wife of a diamond ring or a $500 fur coat was with the husband's assent, but the question of prior dealings between the parties, in which the husband paid similar bills charged to him, would affect the matter of presumption.[2]

3. SAME—BURDEN OF PROOF ON ONE SELLING WIFE A FUR COAT TO SHOW IT A NECESSITY AND THAT HUSBAND IS LIABLE.

   In an action for the purchase price of a fur coat, sold to defendant's wife in the summer time and charged to his account while they were living apart, there is no presumption that the husband assented to the purchase, and the burden of proof is upon plaintiff to show that he furnished necessaries and under such circumstances as to render the husband liable.[3]

4. SAME—ELEMENTS NECESSARY FOR PLAINTIFF TO ESTABLISH.

   In order to recover from the husband the price of a fur coat sold to the wife and charged to his account while they were living apart, plaintiff must establish by a pre-

---

[1]Husband and Wife, 30 C. J. §§ 124, 125, 130; [2]Id., 30 C. J. § 125; [3]Id., 30 C. J. § 781.

On liability of husband for necessaries furnished wife while living apart from him, see note in L. R. A. 1917A, 958.

On liability of husband for necessaries as affected by question whether or not they were purchased on his credit, see note in 27 A. L. R. 554.

ponderance of the evidence (1) that he sold the coat on defendant's credit; (2) that defendant had refused or neglected to provide suitable wearing apparel for his wife; and (3) that the fur coat was one of the necessaries.[4]

5. SAME—HUSBAND ENTITLED TO HAVE QUESTION OF HIS NEGLECT DETERMINED—TRIAL—INSTRUCTIONS.

As bearing on his liability, defendant was entitled to have submitted to the jury the question as to whether he had been guilty of neglect of duty in refusing to supply his wife with suitable wearing apparel, and the trial court was therefore in error in not giving a requested instruction thereon, but instructing the jury in a way that made defendant's liability depend solely on whether the fur coat came within the class denominated as necessaries.[5]

6. SAME—EVIDENCE—NEGLECT OF DUTY.

The husband's testimony that he was paying his wife alimony, together with the fact that ordinarily suitable support does not require the furnishing of a fur coat in the summer time, is some evidence that he was not neglecting his duty in the matter of providing necessaries.[6]

7. SAME— POSITION OF ONE SUING HUSBAND FOR NECESSARIES FURNISHED WIFE NO STRONGER THAN WIFE'S.

One suing the husband for the price of a fur coat sold to the wife in the summer time, and charged to his account while they were living apart, is suing in the wife's right, and plaintiff's position is no stronger than hers.[7]

8. SAME—WEIGHT OF EVIDENCE.

Verdict for plaintiff *held*, contrary to law and the weight of the evidence.[8]

SHARPE, STEERE, and FELLOWS, JJ., dissenting.

Error to Wayne; Collingwood (Charles B.), J., presiding.    Submitted October 8, 1925.    (Docket No. 29.)    Decided April 14, 1926.    Rehearing denied July 1, 1926.

Assumpsit by Newton Annis against Oscar Manthey for goods sold and delivered.    Judgment for plaintiff. Defendant brings error.    Reversed.

[4]Husband and Wife, 30 C. J. § 781; [5]Id., 30 C. J. §§ 800, 801; [6]Id.; 30 C. J. § 789 (Anno); [7]Id., 30 C. J. § 781; [8]Id., 30 C. J. § 796.

*Walter M. Trevor,* for appellant.

*Johnston & McKee,* for appellee.

McDONALD, J.   This action was brought to recover the sale price of a fur coat which was sold to the defendant's wife and charged to him on the 15th day of August, 1921.   The defendant is a dentist engaged in the practice of his profession in the city of Detroit, from which he derives a net income of $350 a month. At the time the coat was purchased he and his wife, Hilda Manthey, were living apart.   Divorce proceedings were pending.   It was the doctor's claim that he had furnished his wife all necessaries suitable. to his social standing and financial worth, and that, under the circumstances, she had no authority to pledge his credit for the coat in question.   The jury gave the plaintiff a verdict for $613.35.   A motion for a new trial was made and denied.   The defendant brings error, alleging that the verdict is contrary to law and against the great weight of the evidence.

If a husband fails in his duty to provide his wife with the necessaries of life, she may pledge his credit therefor, and, if she does so, the law presumes that it was done with his assent.   This presumption does not arise, however, where the parties are not living together.   Neither does it arise where the articles purchased are not of ordinary household or family use. For instance, from the purchase by the wife of a diamond ring or a $500 fur coat, though under some circumstances they might be properly classed as necessaries, there would arise no presumption that they were purchased with the husband's assent.   The question of prior dealings between the parties, in which the husband paid similar bills charged to him, would affect the matter of presumption, but the testimony in that regard is too indefinite and unsatisfactory to be of any value.   We then have a case in which, while the

husband and wife were not living together, the wife pledged his credit for articles of merchandise that were not of the ordinary necessaries. In such a case there is no presumption that the husband assented to the purchase, and the burden of proof is upon the plaintiff to show that he furnished necessaries and under such circumstances as to render the defendant liable. *People* v. *Kellogg*, 205 Mich. 482.

There are three elements of the plaintiff's case, all of which he was required to establish by a preponderance of the evidence. They are, *first*, that he sold the coat on defendant's credit; *second*, that the defendant had refused or neglected to provide suitable wearing apparel for his wife; and *third*, that the fur coat was one of the necessaries. The first element is not disputed. In the presentation of proofs, but little attention was given to the second element of the plaintiff's case, but counsel for the defendant submitted a request covering that question. The court did not give it but instructed the jury in a way that made defendant's liability depend solely on whether the coat came within the class denominated as necessaries. He said:

"The question is one clearly and fully for the jury to determine. *First*, was the coat purchased; *Second*, was the coat of the kind and material that would comport with Oscar Manthey's income and with the station in life which he himself assumed, and which we assume that he had designed his wife to take."

As bearing on his liability the defendant was entitled to have submitted to the jury the question as to whether he had been guilty of neglect of duty in refusing to supply his wife with suitable wearing apparel. If it had been left to them the jury might rightly have said that the failure to provide his wife with a fur coat in the summer time was not a neglect of duty on the part of the husband. It may be said

that there was no evidence to justify the submission of that question to the jury.      But in that event, the burden of proof being with the plaintiff, the defendant would have been entitled to a directed verdict.

In regard to the evidence the record is very unsatisfactory.      The wife was not sworn and no inquiry was made of defendant by either counsel as to how he was providing for his wife at the time she pledged his credit for the coat.      He volunteered the statement that he was paying her alimony.      He was not examined as to this statement, and no resort was had to the court records to verify or to dispute it. This statement, together with the fact that ordinarily suitable support does not require the furnishing of a fur coat in the summer time, is some evidence that the husband was not neglecting his duty in the matter of providing necessaries.      At least there is no showing to the contrary.      This fur coat was bought on the 15th of August, five days after the wife had been served with a summons in divorce proceedings.      It is plain that she had no need for such a coat at that time, and that in purchasing it on her husband's credit she was merely trying to get all she could from him. The plaintiff is suing in her right and his position is no stronger than hers.      If it can be said that this case presents any question for a jury, it should have been submitted to them with full instructions as to defendant's rights and liability.      We think the court erred in his charge, as we have herein stated, and also in refusing defendant's request placing the burden of proof on the plaintiff.      For this and the further reason that we think the verdict contrary to law and the weight of the evidence, the judgment should be reversed.      The law applicable to the facts here involved will be found in *Clark* v. *Cox*, 32 Mich. 204; *People* v. *Kellogg*, 205 Mich. 482; and *Bergh* v. *Warner*, 47 Minn. 250 (50 N. W. 77, 28 Am. St. Rep. 362).

The judgment is reversed, and a new trial granted. The defendant will have costs.

BIRD, C. J., and SNOW,[1] WIEST, and CLARK, J., concurred with McDONALD, J.

FELLOWS, J. (*dissenting*).    Justice McDONALD is quite right in saying that but little attention was given to the second element of plaintiff's · case, but upon this record I am convinced that it merited but scant consideration.    In my judgment the defendant's own testimony eliminated that question as a disputed question of fact.    He testified that he had not bought his wife a coat since 1917, and that before he instituted divorce proceedings he notified all the dealers where he had charge accounts, some 18 or 19 in number, not to furnish any goods to his wife.    He did not notify plaintiff because he claims he never had a charge account there, although this was denied by plaintiff. By his own testimony he did everything he conceived necessary to prevent his wife obtaining the necessities of life.    Upon the state of the record, with the indefiniteness of the date defendant commenced to pay alimony, we cannot apply the doctrine of *Crittenden* v. *Schermerhorn,* 39 Mich. 661 (33 Am. Rep. 440), as urged by defendant.

I do not understand my brother to hold, as matter of law, that because the coat was bought in August it was not a necessity.    In this latitude we always have some cold weather after August and frequently furs may be purchased more cheaply in the summer than at seasonal times.    There was testimony in the case that defendant's wife, before the separation, discussed with a saleswoman of plaintiff in defendant's presence the purchase of a fur coat, and he made no objection to such purchase, and there was testi-

---

[1]SNOW, J., took part in this decision by consent of counsel.

mony tending to show defendant's income was much larger than he admitted.     I am persuaded that upon this record there is no reversible error and that no injustice has been done defendant.

I think the judgment should be affirmed.

SHARPE and STEERE, JJ., concurred with FELLOWS, J.

Justice MOORE took no part in this decision.