*In re* LAFRENIERE'S ESTATE.
APPEAL OF LeCLAIR'S ESTATE.

1. HUSBAND AND WIFE—LIABILITY FOR WIFE'S MEDICAL, HOSPITAL AND FUNERAL EXPENSES.

The general rule is that a husband is primarily liable for the payment of his wife's reasonable medical, hospital and funeral expenses, except where there is an express direction in the wife's last will and testament.

2. SAME—STATUTES—DISTRIBUTION OF PERSONAL ESTATE—FUNERAL EXPENSES.

The statute relative to the distribution of personal estate of a deceased person does not relieve a surviving husband of his duty to pay his wife's funeral expenses if he is able to do so (Act No. 288, chap. 2, § 93, Pub. Acts 1939).

3. SAME—WIFE'S MEDICAL, HOSPITAL AND FUNERAL EXPENSES—ESTATES OF DECEDENTS.

A husband who has paid his wife's medical, hospital and funeral expenses may not recover the amounts thereof, either individually or as administrator, from her estate.

4. ESTATES OF DECEDENTS—CLAIMS FOR MEALS, CAB FARES AND MASS.

Allowance against estate of deceased woman of $86.48 for meals, cab fares and Mass *held,* neither unreasonable nor improper.

Appeal from Marquette; Bell (Frank A.), J. Submitted October 7, 1948. (Docket No. 38, Calendar No. 44,143.) Decided February 28, 1949.

REFERENCES FOR POINTS IN HEADNOTES

[1] 26 Am. Jur., Husband and Wife, §§ 338, 355, 375, 381.
[3] 21 Am. Jur., Executors and Administrators, § 331.
[3] Liability of married woman for necessaries.  15 A.L.R.  852.
[3] Liability for funeral expenses of married woman.  31 A.L.R. 1499; 108 A.L.R. 1226.
[4] 21 Am. Jur., Executors and Administrators, § 327.

In the matter of the estate of Ellen LaFreniere, deceased. The contest over the 1st and 2d annual accounts of the administrator were retried as ordered in 316 Mich. 285, and accounts allowed. Albert W. Hooper, administrator of the estate of Emeline LeClair, deceased, the objector, appeals. Reversed and remanded for entry of new judgment.

*Albert W. Hooper,* administrator *in pro. per.*

*M. J. Kennedy,* for executrix of estate of Peter D. LaFreniere, deceased, administrator.

BUSHNELL, J. This is an appeal by Albert W. Hooper, administrator with the will annexed of the estate of Emeline LeClair, deceased, from a judgment of the circuit court for the county of Marquette, entered July 7, 1947.

The controversy involves certain items in the first and second annual accounts of the administrator of the estate of Ellen LaFreniere, deceased, which were before this Court in *Re LaFreniere's Estate,* 316 Mich. 285, in which a previous judgment was reversed and the case remanded for a new trial. At the new trial the judge, sitting without a jury, filed written findings of facts and law and, in accordance with such findings, allowed certain charges against the estate and disallowed others. The facts stated in *Re LaFreniere's Estate, supra,* will not be repeated here.

Appellant contends that the items in the accounts covering moneys paid by the administrator for the hospital, medical and funeral expenses of the deceased are not proper charges against her estate, and also that certain items totaling $82.48 for meals and cab fares and $4 for a Mass should not have been allowed. It is argued as to the first group that the late Peter LaFreniere, who was the administrator

of his wife's estate, was individually liable for these · expenditures. It is argued that even of the Ellen LaFreniere estate is liable, it was the administrator's obligation under the death act to recover the amount of these expenditures against the tortfeasor, and having so recovered, there should be no allowance in his account. As to the second group it is argued that these charges were neither reasonable nor proper.

In the action brought for her unlawful death, Ellen LaFreniere's administrator, Peter D. LaFreniere, obtained a judgment in the sum of $5,500, and, as required by law, this judgment was certified to the probate court and apportioned as follows: $4,862 to her surviving husband, Peter D. LaFreniere, for his pecuniary losses, and $638 to deceased's mother, Emeline LeClair, for her pecuniary losses, they being the sole heirs at law of the deceased. There was no appeal from this apportionment. There being no unpaid claims against the estate when this judgment was satisfied, the proceeds thereof were thus distributed between the parties.

The general rule is that a husband is primarily liable for the payment of his wife's reasonable medical, hospital and funeral expenses. *In re Olney's Estate,* 309 Mich. 65, 84. The common-law rule is, however, subject to certain exceptions, such as that noted in *Moran* v. *LeBlanc's Estate,* 256 Mich. 189, where there was an express direction in the last will and testament.

That portion of 3 Comp. Laws 1929, § 15726, subd. 7, now Act No. 288, chap. 2, § 93, Pub. Acts 1939* (Comp. Laws Supp. 1940, § 16289-2 [93,] Stat. Ann. 1943 Rev. § 27.3178 [163]), discussed in *Moran* v. *LeBlanc's Estate, supra,* was not determined to be contra to the holding in *Galloway* v. *Estate of McPher-*

---

* 4 Comp. Laws 1948, § 702.93.—REPORTER.

*son,* 67 Mich. 546 (11 Am. St. Rep. 596), 76 Mich. 318. The rule in the *Galloway Case* imposes upon a surviving husband, when able to do so, the duty to pay his wife's funeral expenses. The statute noted merely provides the manner of distribution of personal property "after the debts of the deceased, funeral charges and expenses of administration are paid." It does not change the rule expressed in the *Galloway Case,* which must be applied here, as well as that in the *Olney Case, supra.* LaFreniere was legally liable for his wife's medical, hospital and funeral expenses, and paid these, and, under the circumstances, he could not be permitted to recover the amounts thereof, either individually or as administrator, from his deceased wife's estate.

We see no reason to disapprove the judgment of the trial judge as to the reasonableness and propriety of the allowance of the several items included in the second group hereinabove mentioned.

It therefore follows that the several accounts of the administrator must be re-examined and any amounts included therein, which pertain to claims on items for which the deceased husband was liable, must be disallowed.

The cause is remanded to the circuit court for appropriate action and entry of a new judgment in conformity with this opinion. Costs to appellant.

Sharpe, C. J., and Boyles, Reid, North, Dethmers, Butzel, and Carr, JJ., concurred.