MORSE v. DESCHAINE.

1. ACTION—JOINED ACTIONS—DEATH OF ONE PLAINTIFF—SUGGESTION OF DEATH.
　　Upon the death of one or more plaintiffs in an action which survives only to the remaining plaintiffs the death shall be suggested on the record and the action shall proceed in favor of the surviving parties (GCR 1963, 202.1[2]).

REFERENCES FOR POINTS IN HEADNOTES
[1] 1 Am Jur 2d, Abatement, Survival, and Revival § 118.
[2] 41 Am Jur 2d, Husband and Wife § 459.
[3] 1 Am Jur 2d, Actions §§ 144, 146; 53 Am Jur, Trial §§ 53, 55.
[4] 53 Am Jur, Trial §§ 584, 591, 592.
[5] 41 Am Jur 2d, Husband and Wife § 369.
[6] 41 Am Jur 2d, Husband and Wife § 460.

2. HUSBAND AND WIFE—DERIVATIVE ACTIONS—RES JUDICATA.

A husband's derivative suit for medical expenses arising out of wife's injury is barred by the *res judicata* effect of judgment in wife's action if a wife fails to recover in her action for personal injuries.

3. SAME—JOINED ACTIONS—DEATH OF ONE PLAINTIFF—SEVERANCE.

Court rules allowing severance of actions to avoid unnecessary delays or dismissal of action if substitution for deceased party is not made within a reasonable time were improperly applied where death of husband, plaintiff in derivative action joined with wife's action for personal injuries, was not known to counsel for plaintiffs until shortly before trial at which counsel made reasonable request for continuance or recess to have guardian appointed to protect interests of husband's estate and where such severance deprived husband's estate of its day in court on issue of expenses since verdict for defendant in wife's action barred subsequent action in behalf of husband's estate (GCR 1963, 202.1[1], 202.1[2] and 505).

4. TRIAL—NEGLIGENCE ACTION—INSTRUCTIONS TO JURY—DAMAGES.

It is error to instruct jury that a husband might later sue for loss of his wife's services and medical expenses where the wife is presently seeking recovery since such instruction might influence the jury in the determination of her damages.

5. HUSBAND AND WIFE—WIFE'S MEDICAL EXPENSES—LIABILITY OF HUSBAND.

A husband is primarily liable for his wife's medical expenses where the wife is unemployed and living with him, but the wife may contract to become liable for such expenses or husband and wife may be jointly liable.

6. EVIDENCE—WIFE'S ACTION FOR PERSONAL INJURIES—WIFE'S MEDICAL EXPENSES.

Trial court erred in not allowing evidence of wife's medical expenses caused by injury or of relationship between wife and her creditors to go to jury in wife's action for negligence after husband's action for expenses was severed since the court's ruling prejudiced both her action and that of her husband's estate, which would be extinguished by verdict adverse to wife's claim.

Appeal from Ontonagon, Wright (Robert R.), J. Submitted Division 3 May 7, 1968, at Marquette (Docket No. 2,568.) Decided August 28, 1968.

Complaint by Margaret Morse against Wilmer Louis Deschaine for damages for personal injuries sustained when struck by defendant's automobile. Derivative action by M. J. Morse for loss of consortium and medical expenses. Actions consolidated for trial. Severance granted as to deceased plaintiff M. J. Morse. Verdict for defendant. Plaintiff appeals. Reversed.

*Wisti, Jaaskelainen & Schrock,* for plaintiff.

*Messner & LaBine,* for defendant.

FITZGERALD, P. J.  Defendant-appellee was driving at night toward the house of a friend in Greenland, Michigan. Plaintiff Mrs. Morse was proceeding on foot down the middle of the street toward that same house. They collided, and plaintiff was injured. She and her husband sued the defendant; Mrs. Morse claiming recovery for her personal injuries and expenses and her husband seeking damages for loss of consortium and expenses. The separate cases were joined together. Mr. Morse died a month before the trial, but counsel for plaintiff was not so informed until the week before the trial when he attempted to take appropriate action by filing a suggestion of death.[1]  At the trial, the counsel for defendant sought to remove the claim of Mr. Morse, plaintiff's counsel seeking a brief continuance of both cases based on lack of time to prepare a concurrent action by the estate of Mr. Morse. The trial court intended to deny the continuance requested by Mrs. Morse without dismissing the rights of Mr. Morse. Plaintiff then sought a 2-hour recess in order to appoint a special administrator for the estate.

---

[1] This procedure passes any right of the deceased party to bring suit to the survivor.  GCR 1963, 202.1.

The recess was denied, the court stating that, "We can hear her case for her damages and then you can take further proceedings that you deem necessary with respect to his cause of action." Plaintiff again requested a brief delay so that arrangements could be made in the probate court on behalf of the estate. The request was denied.

During the trial, plaintiff's counsel sought to introduce evidence of the medical expenses of Mrs. Morse which were allegedly hers alone and not the separate expenses of her husband. The trial court, rejecting her offer of evidence, stated that, "There is nothing in the record to show that he ever assigned it. He claims them himself in the same suit." In the instructions to the jury, the court stated that an action to recover expenses for a wife's injuries to date belongs to the husband, and that only future expenses incurred may be recovered by the wife. The jury returned a verdict of no cause of action in favor of the defendant and plaintiffs offered a motion for a new trial which was denied.

Plaintiffs present 2 alleged errors from the stated facts: (1) That the derivative claim for medical expenses by a husband made before his recent death was incorrectly severed from the main action of his injured wife for her injuries, thereby destroying any claim by his estate when the jury verdict was against the wife. (2) That the injured wife, in an action for her personal injuries, is permitted to introduce evidence of her own medical expenses even where her husband also seeks recovery for expenses incurred by him on her behalf.

The first issue is expanded by plaintiff's brief to this Court in the following manner: The main action in a personal injury case lies with the injured party. Others seeking recovery thereunder for additional effects of the injury on them do not stand independ-

ently nor separately from the injured party[2] as they
once did, but instead take derivative rights from
the success of that party in the original action.[3]
Thus, the basic rule is that the husband subsequently
cannot recover for medical expenses if the injured
wife did not recover in the main action for her in-
juries.   This bar applies to the estate of Mr. Morse
in the present case and it is thus alleged that by the
severance of this claim from that of Mrs. Morse, the
estate was effectively denied its day in court.

GCR 1963, 505, permits the trial court to sever
actions separately commenced where justice so de-
mands and authorizes the court to enter orders to
avoid unnecessary delays.   The apparent reasoning
behind the severance in the present case is that the
trial court did not wish to prolong the litigation.   In
haste to proceed, the court effectively deprived the
estate of any opportunity to present its claim before
knowing of the outcome of the case and the effect
of the jury finding on the husband's derivative
rights.

Defendant believes that the court was also moti-
vated by GCR 1963, 202.1(1) and 202.1(2), wherein
an action may be dismissed against a deceased party
if substitution is not made in a reasonable time.   The
"reasonable time" is determined by whether the de-
lay in substitution has (or would) materially preju-
dice the substantial rights of any party.[4]   Only 3
weeks elapsed from the time of the death to the date
of the trial.   The request for a postponement of a
few hours to appoint a special administrator and to
obtain waivers and a consent for assignment of the
action was not unreasonable and should not have
been denied, as shall be seen.

---

[2] *Laskowski* v. *Peoples Ice Company* (1918), 203 Mich 186 (2 ALR 586).
[3] *Kobmann* v. *Roth* (1965), 374 Mich 678.
[4] 1 Honigman & Hawkins, Michigan Court Rules Annotated, Rule 202, Comment 2, p 465.

The husband normally joins with the injured wife in seeking recovery for their respective damages, pursuant to GCR 1963, 203, 205.1, and 505 in order to prevent unnecessary splitting of an action against tortfeasors. Although it may be argued that the husband is generally not a "necessary" party because of his derivative interest, our ultimate disposition of the present case will require the presence of his estate as desirable in the absence of any sound basis for severance in order that determination of medical expenses may be made, since such evidence could not be considered by the jury at all by reason of the ruling of the trial court against it. Thus, the provisions of GCR 1963, 505.2, which permit severance of joined claims where justice requires should not apply to the present situation where justice requires the opposite.

By not permitting the wife to introduce evidence of her medical expenses, the trial court effectively precluded any consideration of her actual damages. A naive jury hearing the erroneous instructions of the trial court, that:

"Now, you will notice that there is nothing said about the bills for her injuries so far. That is because that action belongs to her husband who has recently passed away. You have nothing to do about that, but from here on she is liable for her own debts and so that may be a measure of damages, any medical expense which she may reasonably be expected to incur in the future in the further treatment of her said injuries",

might well be influenced to the extent of believing that no evidence of medical expenses equals no damages equals no recovery, regardless of the merits of the claim of negligence. It is error to instruct the jury that the husband might later sue for loss of her services and medical expenses where the

wife is presently seeking recovery, since such instruction might influence the jury in the determination of her damages.[5]

The husband is primarily liable for his wife's medical expenses where the wife is unemployed and living with him.[6] However, the wife may become liable for such expenses herself, as by contract,[7] or they may be jointly liable. The trial court permitted no evidence on an alleged relationship between the wife and her creditors to go to the jury. When combined with the instructions and the severance of the deceased husband's derivative action which was destroyed by the verdict against the wife, this exclusion of her proffered evidence is prejudicial both to her cause of action and to the estate of her husband. A new trial should be had in order to determine the extent of the expenses alleged, and the estate of the husband should be given the opportunity to participate unless other new considerations demand separate trials or severance under GCR 1963, 505.

Reversed. Costs to appellants.

J. H. GILLIS and McGREGOR, JJ., concurred.

[5] *Lorf* v. *City of Detroit* (1906), 145 Mich 265. Although the plaintiff-wife did not seek recovery for her expenses, the Court held an instruction that only her husband might later recover for her injuries was erroneous.

[6] *City of Detroit* v. *Eisele* (1961), 362 Mich 684; *In Re La Frenieres' Estate* (1949), 323 Mich 562.

[7] See *Carstens* v. *Hanselman* (1886), 61 Mich 426; CL 1948, § 557.4 (Stat Ann 1957 Rev § 26.163).