NAT GREENE, INCORPORATED, v. FREED

HUSBAND AND WIFE—SEPARATED SPOUSE—SUPPORT.
  Summary judgment for husband in action by retail store for
  merchandise purchased by the husband's wife while the parties
  were separated *held* proper; one paying alimony under a court
  order, thus making sufficient provision for his wife's support,
  is not bound to make good her contracts.

Appeal from Common Pleas Court of Detroit, Henry J. Szymanski, J. Submitted Division 1 February 12, 1969, at Detroit. (Docket No. 5,319.) Decided March 26, 1969. Rehearing denied May 7, 1969.

Complaint by Nat Greene, Incorporated, a Michigan corporation, against Joseph Freed for merchandise purchased by defendant's wife. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Chosid & Krause,* for plaintiff.

*Chomsky & Freed,* for defendant.

BEFORE: FITZGERALD, P. J., and R. B. BURNS and BRONSON, JJ.

REFERENCE FOR POINTS IN HEADNOTE
41 Am Jur 2d, Husband and Wife § 355.

PER CURIAM. The trial court granted the defendant a summary judgment of no cause of action at the close of plaintiff's opening statement.

Plaintiff instituted suit against the defendant for merchandise purchased by the defendant's wife while the parties were separated. Defendant filed an answer, which included the affirmative defense that the merchandise was purchased by his wife, while the parties were separated and while he was paying support through a court order for his wife and minor children. Plaintiff did not reply to the answer and stipulated in its opening statement to those facts.

Defendant, by paying alimony under a court order, thus making sufficient provision for his wife's support, is not bound to make good her contracts. *Crittenden* v. *Schermerhorn* (1878), 39 Mich 661. The defendant as a matter of law was not liable to plaintiff for the debts incurred by his wife.

As the plaintiff failed to show the court any material issue of fact, the trial judge could grant a summary judgment at the close of plaintiff's opening statement. *Bean* v. *State Land Office Board* (1952), 335 Mich 165.

Affirmed. Costs to appellee.