■ EDWARD HOLTZMAN, Respondent, v WERNER R. STUTZ, Defendant and Third-Party Plaintiff-Appellant. HELEN STUTZ, Third-Party Defendant-Respondent.—In an action to recover damages for breach of contract and to recover for necessaries, the defendant third-party plaintiff appeals from a judgment of the Supreme Court, Westchester County (Marbach, J.), entered November 4, 1985, which is in favor of the plaintiff and against him in the sum of $27,360, without interest, after a nonjury trial.

Ordered that the judgment is modified on the law and the facts, by reducing the award from $27,360 to $23,360. As so modified, the judgment is affirmed, without costs or disbursements.

The plaintiff is a psychiatrist who allegedly furnished professional services to the defendant's wife. At the conclusion of the trial, the court awarded judgment in favor of the plaintiff in the sum of $27,360. Making its findings from the Bench, the court discussed the alternate theories of contract and necessaries but ultimately grounded its award on a contract theory. Nevertheless, the court did make the finding that the services rendered were necessaries and declared that had it awarded judgment on the basis of necessaries the amount would have been reduced by $4,000.

On this appeal by the defendant, it is apparent that the plaintiff was not entitled to judgment on a contract theory. At a time when only $640 worth of services had been rendered to his wife, the defendant wrote to the plaintiff notifying him that he would not be responsible for any further charges incurred by his wife for the services.

While it is clear that the defendant was not bound by any contract to pay for services rendered to his wife beyond the sum of $640, there can be no doubt that on this record that the services rendered were necessaries. That being the case, we accept the alternate theory and findings made by the trial court, and in accordance with those findings reduce the amount of the judgment by $4,000. Mollen, P. J., Lazer, Mangano and Lawrence, JJ., concur.