BRONSON METHODIST HOSPITAL v LaROY

Docket Nos. 89659, 90892. Submitted March 5, 1987, at Lansing. Decided October 3, 1988.

Bronson Methodist Hospital brought an action in Allegan Circuit Court against Norma LaRoy for the expenses incurred in the medical care rendered by plaintiff to defendant's deceased husband from March, 1984, to October, 1984, filing counts based on breach of express contract, breach of implied contract and breach of a common-law duty of a wife to pay for medical services rendered to her husband. The trial court, George R. Corsiglia, J., granted summary disposition in defendant's favor on the common-law count and subsequently, by a separate order, granted summary disposition dismissing the contract counts. Plaintiff appealed.

The Court of Appeals *held:*

1. Since the expenses in this case were incurred prior to the effective date of the Court of Appeals opinion which adopted the rule that a wife is liable on common-law principles for the necessary medical expenses of her husband but made that rule prospective in nature, that holding is not applicable to this case.

2. The question whether a wife should be liable for the medical expenses of her husband is a question better addressed by the Legislature than by the courts.

3. The trial court properly dismissed the contract counts.

Affirmed.

HUSBAND AND WIFE — MEDICAL EXPENSES — COMMON LAW.

A wife has no common-law duty to pay for necessary medical treatment and services rendered to her husband prior to March 17, 1986.

*Ford & Kriekard, P.C.* (by *Robert A. Soltis*), for plaintiff.

REFERENCES

Am Jur 2d, Husband and Wife §§ 364, 369, 370.

Wife's liability for necessaries furnished husband. 11 ALR4th 1160.

*Burnett, Kastran & Stone* (by *Stephen A. Kastran*), for defendant.

Before: HOOD, P.J., and HOLBROOK, JR., and M. R. STEMPIEN,* JJ.

M. R. STEMPIEN, J. In this consolidated appeal, plaintiff, Bronson Methodist Hospital, appeals from the Allegan Circuit Court's December 5, 1985, order granting summary disposition in defendant's favor on Count III of plaintiff's complaint. Count III alleged a common-law duty of a wife to pay for necessary medical treatment and services rendered to her husband. Plaintiff also appeals from an order filed February 24, 1986, in which the court found no cause of action on Count I (breach of an express contract to pay) and Count II (breach of an implied contract to pay). We affirm.

From March, 1984, until his death in October, 1984, defendant's husband, Edwin LaRoy, received medical care from plaintiff. When defendant refused to pay for her husband's medical treatment plaintiff sued defendant for the amount due. Count III of plaintiff's complaint alleged that defendant had breached her common-law duty to pay for necessary medical care and treatment of her husband. Recently, this Court recognized a wife's duty to pay for her husband's necessary medical treatment. *Borgess Medical Center v Smith,* 149 Mich App 796; 386 NW2d 684 (1986).

The Court in *Borgess* alluded to the married women's act, specifically to MCL 557.21; MSA 26.165(1), which states:

> (1) If a woman acquires real or personal property before marriage or becomes entitled to or

---

* Circuit judge, sitting on the Court of Appeals by assignment.

acquires, after marriage, real or personal property through gift, grant, inheritance, devise, or other manner, that property is and shall remain the property of the woman and be a part of the woman's estate. She may contract with respect to the property, sell, transfer, mortgage, convey, devise, or bequeath the property in the same manner and with the same effect as if she were unmarried. The property shall not be liable for the debts, obligations, or engagements of any other person, including the woman's husband, except as provided in this act.

After noting that the statute made it clear that a woman is not responsible for her husband's debts, the *Borgess* Court suggested that it was time for a change in the law.

In its ruling the *Borgess* Court relied upon the reasoning employed by the New Jersey Supreme Court in *Jersey Shore Medical Center-Fitkin Hospital v Estate of Baum,* 84 NJ 137; 417 A2d 1003 (1980). There, the plaintiff sued the defendant to recover the costs of defendant's husband's last illness. Defendant filed a motion for summary judgment, which was granted. On appeal, the New Jersey Supreme Court affirmed but issued a prospective ruling that both spouses would be liable for the debts of the other.

We conclude that the common law rule must yield to the evolving interdependence of married men and women and to the reality that a marriage is a partnership. Consequently, we declare that both spouses are liable for necessary expenses incurred by either spouse in the course of the marriage. As long as the marriage subsists, the financial resources of both spouses should be available to pay a creditor who provides necessary goods and services to either spouse. . . . However, a judgment creditor must first seek satisfaction from the income and other property of the spouse

who incurred the debt. If those financial resources are insufficient, the creditor may then seek satisfaction from the income and property of the other spouse. [*Jersey Shore, supra,* p 141.]

As in *Jersey Shore,* the *Borgess* Court affirmed and applied its ruling prospectively. Under *Borgess,* a woman is liable for her husband's necessary medical bills incurred after March 17, 1986, the effective date of the *Borgess* ruling.

Since the defendant's husband's medical bills were incurred between March and October of 1984, prior to the *Borgess* ruling, we find the *Borgess* case inapplicable and conclude that defendant is not responsible for payment of her husband's medical bills.

In this appeal, the plaintiff is primarily concerned with establishing a common-law rule that a wife is primarily liable to pay for the expenses of necessary medical care and treatment of her husband. Such a change in the common law will affect different generations differently. Our society does not necessarily have to treat individuals equally. Women in their fifties or sixties who matured under different social and economic conditions would be directly affected by the new rule which would be based on economic conditions in today's world. The arguments of the *Borgess* panel ignore the fact that some women are caught in a particular social and economic group. To simply change the common law on a particular date is unfair to those who matured under different social and economic conditions. Although a change in the common law is needed, this is neither the time nor the place. This is an issue for the Legislature and not the judiciary.

Regarding the order dismissing Counts I and II,

the record reflects no express or implied contract by the defendant to pay the hospital bills. If there was any implied contract it was between the decedent and the hospital, since the decedent was the one who was benefited by the hospital's services, not the defendant. The trial court's orders are affirmed.

Affirmed.