ALLEN v KEATING

Docket No. 145851. Submitted February 1, 1994, at Detroit. Decided June 7, 1994, at 9:20 A.M.

Claire A. Allen, a limited license psychologist, brought an action in the Wayne Circuit Court against Patrick J. Keating, seeking payment for therapy sessions rendered to Judith K. Keating, the defendant's former wife, while the Keatings were separated before their judgment of divorce was granted. The judgment of divorce provided that Judith was obligated to pay the therapy bills, but she failed to do so. The plaintiff claimed that the defendant orally promised to pay the bills and that the defendant was obligated by law to pay the bills because they were for a medical necessity. The defendant also brought a third-party claim against Judith. The court, Paul S. Teranes, J., granted summary disposition for the plaintiff. The defendant appealed.

The Court of Appeals *held:*

1. The trial court erred in deciding as a matter of law whether the counseling provided to Judith was a medical necessity. The issue is a question of fact relative to the circumstances of the parties.

2. The trial court's ruling was erroneous because the court failed to consider the fact that the defendant was separated from his wife at the time the plaintiff rendered her services.

3. The trial court erred as a matter of law in granting the plaintiff's motion because the plaintiff failed to present evidence that the defendant had not adequately supported Judith during their separation.

Reversed and remanded.

1. HUSBAND AND WIFE — MEDICAL NECESSITIES — COUNSELING —
   LIMITED LICENSE PSYCHOLOGIST.

   The issue whether counseling rendered to a wife by a limited

REFERENCES

Am Jur 2d, Husband and Wife §§ 355, 363, 369.

Husband's liability to third person for necessaries furnished to wife separated from him. 60 ALR2d 7.

Necessity, in action against husband for necessaries furnished wife, of proving husband's failure to provide necessities. 19 ALR4th 432.

license psychologist is a medical necessity for which the husband is primarily liable is a question of fact relative to the circumstances of the parties.

2. HUSBAND AND WIFE — SEPARATION — WIFE'S NECESSITIES — LIABILITY — BURDEN OF PROOF.

A person furnishing necessities to a wife who is separated from her husband does so at peril because there is no presumption that the husband consented to the wife's purchase; a husband is absolved absolutely from liability for his wife's necessities if they are living apart and an adequate support order has been entered, or if he otherwise provided adequate support; a husband's liability for his wife's necessities is also dependent upon the nature and causes of the separation; a person seeking reimbursement from a husband for necessities provided to the wife has the burden of proving that the husband failed to provide sufficient support.

*Kiefer, Allen, Cavanagh & Toohey* (by *H. Rollin Allen*), for the plaintiff.

*Kaufman & Payton* (by *Mary K. Kator*), for the defendant.

Before: WAHLS, P.J., and REILLY and R M. DANIELS,* JJ.

PER CURIAM. Defendant appeals as of right from the trial court's order granting plaintiff summary disposition pursuant to MCR 2.116(C)(10) with regard to her claim for payment for therapy sessions she rendered to defendant's former wife, third-party defendant Judith Keating. We reverse.

Plaintiff, a limited license psychologist, counseled Judith Keating after she filed for divorce from defendant. At one point, defendant and the Keating children attended sessions, but defendant decided that the sessions were not helpful and paid the outstanding bills owed to plaintiff on March 16, 1988. Judith Keating continued therapy

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and requested that the billing statements be sent to defendant. Defendant denied receiving any billing statements from plaintiff. The judgment of divorce, which was entered on May 5, 1989, provided that Judith Keating was obligated to pay the therapy bills, but she failed to do so. Plaintiff filed a lawsuit against defendant, claiming that he had orally promised to pay the outstanding bills. Plaintiff later amended her complaint, raising an additional claim that defendant, as Judith Keating's husband, was obligated by law to pay for the therapy sessions because they were medical "necessaries."

The trial court granted plaintiff's motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact).[1] In its opinion, the court held that a wife's medical treatment is a necessity for which a husband is primarily liable under the theory of an implied contract, and therefore imposed liability on defendant for the psychological counseling Judith Keating had received from plaintiff. On appeal, defendant contends that the trial court's ruling was erroneous. We agree.

A motion for summary disposition under MCR 2.116(C)(10) tests whether there is factual support for a claim. *Radtke v Everett,* 442 Mich 368, 374; 501 NW2d 155 (1993). When deciding a motion for summary disposition, a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence available to it. *Id.* On appeal, a trial court's grant of summary disposition will be reviewed de novo, and this Court must determine whether the plaintiff was entitled to judgment as a matter of law. *Borman v State*

---

[1] Although plaintiff also brought her motion under MCR 2.116(C)(9), it is clear from reading the trial court's opinion that it granted the motion under C(10).

*Farm Fire & Casualty Co,* 198 Mich App 675, 678; 499 NW2d 419 (1993).

The controversy in this case centers on the common-law doctrine of necessaries. At common law, a husband was liable for his wife's necessaries supplied to her by a third person. The doctrine is based on a husband's duty to support his wife, which arises from the marital relationship. If a husband fails in his duty to provide his wife with necessaries, she may pledge his credit and the law presumes she did so with his assent. *Annis v Manthey,* 234 Mich 347, 349; 208 NW 453 (1926). See, generally, anno: *Modern status of rule that husband is primarily or solely liable for necessaries furnished wife,* 20ALR 4th 196.

Medical treatment is a necessity for which a husband is primarily liable. *Detroit v Eisele,* 362 Mich 684; 108 NW2d 763 (1961); *In re LaFreniere's Estate,* 323 Mich 562, 564; 36 NW2d 147 (1949). See also *Morse v Deschaine,* 13 Mich App 101, 107; 163 NW2d 693 (1968).[2] Although this Court has never addressed the issue whether counseling rendered by a limited license psychologist is a medical necessary, we believe that therapy may be a necessary. The issue, however, is a question of fact relative to the circumstances of the parties. *Altman v Altman,* 136 Misc 2d 320; 518 NYS2d 763 (1987) (issue whether psychiatric services were necessaries is a question of fact relative to the circumstances of the parties). See also *Holtzman v Stutz,* 125 AD2d 640; 510 NYS2d 10 (1986) (trial court in a bench trial found that the psychiatric services rendered to the defendant's wife were

[2] This Court has also imposed upon a wife a duty to pay for her husband's medical necessities. *Borgess Medical Center v Smith,* 149 Mich App 796; 386 NW2d 684 (1986). See also *Bronson Methodist Hosp v LaRoy,* 171 Mich App 729; 430 NW2d 817 (1988). See, generally, anno: *Wife's liability for necessaries furnished husband,* 11 ALR4th 1160.

necessaries). Accordingly, the trial court erred in deciding this issue as a matter of law.

Furthermore, we find the court's ruling is erroneous because the court failed to consider that defendant was separated from his wife at the time plaintiff rendered her services. A person furnishing necessaries to a wife who is separated from her husband does so at peril because there is no presumption that the husband assented to the wife's purchase. *Annis, supra,* p 350. Moreover, a husband is absolutely absolved from liability for his wife's "necessaries" if he is living apart from his wife and an adequate support order has been entered, or if he otherwise provided adequate support. *Id.; Crittenden v Schermerhorn,* 39 Mich 661, 664 (1878); *Nat Greene, Inc v Freed,* 16 Mich App 599; 168 NW2d 470 (1969); 41 Am Jur 2d, Husband and Wife, § 355, p 295. A husband's liability for his wife's necessaries is also dependent upon the nature and causes of the separation. 41 CJS, Husband and Wife, § 50, p 347. The burden of proof is upon the person seeking reimbursement for necessaries rendered to a wife to show that the husband had failed to provide sufficient support. *Annis, supra.* See also anno: *Necessity, in action against husband for necessaries furnished wife, of proving husband's failure to provide necessities,* 19 ALR4th 432. Because plaintiff failed to present evidence that defendant failed to adequately support Judith Keating during their separation, we also find that the trial court erred as a matter of law in granting plaintiff's motion for summary disposition.

Finally, we decline to address the issue whether plaintiff's initial claim that defendant orally promised to pay the bills is barred by the statute of frauds, MCL 566.132; MSA 26.922, because the trial court did not rule on the issue. Appellate

review is limited to issues actually decided by the trial court. *Lowman v Karp,* 190 Mich App 448, 454; 476 NW2d 428 (1991).

Reversed and remanded. We do not retain jurisdiction.