*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CENTRAL HOME HEALTH CARE SERVICES,

   Plaintiff-Appellant,

v

LIBERTY MUTUAL INSURANCE COMPANY,

   Defendant-Appellee.

UNPUBLISHED
December 22, 2022

No. 359826
Washtenaw Circuit Court
LC No. 18-001240-NF

Before: SHAPIRO, P.J., and BORRELLO and YATES, JJ.

PER CURIAM.

In this action involving Michigan's no-fault act, MCL 500.3101 *et seq.*, plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition under MCR 2.116(C)(10) and dismissing plaintiff's action with prejudice. For the reasons set forth in this opinion, we reverse.

## I. BACKGROUND

On November 30, 2018, plaintiff initiated this action based on an assignment of rights from Sean Smith with respect to health care services provided to Smith by plaintiff. In its complaint, plaintiff alleged that Smith "sustained accidental bodily injuries within the meaning of the statutory provisions of MCL 500.3105" and that plaintiff provided "reasonably necessary products, services and/or accommodations" to Smith resulting in an outstanding balance of $116,322.42. Plaintiff further alleged that "Defendant is first in order of priority to pay for the injured party's claim for no fault personal protection insurance benefits" under the no-fault act and that "Defendant has become obligated to pay for certain expenses incurred for reasonably necessary products and services rendered for the injured party's care, recovery or rehabilitation as a result of the injured party's sustained accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle." Finally, plaintiff alleged that "Defendant's failure to pay Plaintiff's personal protection insurance benefits constitutes a material breach of contractual and/or statutory duties pursuant to the contract where the injured party is qualified as an 'insured,' or otherwise entitled to benefits and/or pursuant to MCL 500.3101, *et seq.*"

During the course of the litigation, defendant filed a motion to strike Smith as a witness or compel Smith to appear for a deposition prior to trial. In the motion, defendant alleged that Smith had twice been noticed for deposition but that defendant had been unable to serve Smith. Defendant stated further that Smith's "deposition is required in order to determine the injuries claimed to have been sustained in the motor vehicle accident, the treatment allegedly required therefrom, the Plaintiff's physical condition, and the need for future various benefits under the Michigan No-Fault Law." Defendant asserted that it was "at a severe disadvantage and greatly prejudiced in this suit" without Smith's cooperation in being deposed.

The trial court entered an order, pursuant to the parties' stipulation, ordering:

> that Plaintiff Counsel provide Defense Counsel all known contact information for claimant Sean Smith by May 7[] 2020, that Defendant will attempt service on claimant Sean Smith for deposition, that if Claimant Sean Smith does not appear for a deposition by June 4, 2020, Sean Smith shall be stricken as a witness and not be permitted to testify at trial.[1]

Defendant subsequently moved to strike Smith as a witness after Smith was served with notice of his deposition and failed to appear. The trial court struck Smith as a witness.

Defendant moved for summary disposition under MCR 2.116(C)(10). As relevant to the issue presented on appeal, defendant argued that plaintiff could not establish that Smith was in a motor vehicle accident because the trial court struck Smith as a witness, the police report was inadmissible hearsay, and the doctors and police officers did not witness the accident and therefore could not testify that Smith was in an accident. Defendant further argued that the services at issue in this case were "at home physical therapy services following a surgery performed on Sean Smith on 5-8-2018," that Smith had been in a previous automobile accident, and that Smith's treating doctor— Dr. Louis Radden—had discussed the same surgical procedure with Smith before the motor vehicle accident at issue in this case. Thus, defendant argued that "[w]ithout Sean Smiths [sic] testimony Plaintiff will be unable to prove the treatment is related to this accident." Despite these arguments, defendant acknowledged in its supporting brief that there was a motor vehicle accident on October 24, 2017, and that it was the relevant no-fault insurer at the time of the accident.

Defendant attached the deposition of Radden, who testified that he first treated Smith on January 8, 2015. According to Radden, Smith sought treatment on that date for complaints of back pain radiating into his lower extremities, neck pain radiating into the left upper extremity, and left shoulder pain that began after he was in a motor vehicle accident on December 10, 2014. Smith underwent shoulder surgery on April 12, 2016, but Radden did not perform that surgery. Radden also indicated that Smith was involved in a second motor vehicle accident on October 24, 2017. Before the second accident, Radden last treated Smith on September 20, 2017. On September 20, 2017, there was a treatment plan to perform a type of neck surgery called an anterior cervical discectomy and fusion surgery on Smith's C5-C6 vertebrae. This neck surgery was performed on neck surgery May 8, 2018. Radden testified that all of Smith's treatment involving the spine

---

[1] This deadline was later extended by stipulation to June 25, 2020.

specialist between the first motor vehicle accident and the second motor vehicle accident was related to the first accident. Radden referred Smith to plaintiff at some point, and Radden prescribed physical therapy and nursing services. Smith first treated with plaintiff the day after the neck surgery.

Plaintiff opposed the motion. Plaintiff claimed to have provided post-surgical care to Smith from May 9, 2018 to September 13, 2018, following Smith's cervical spine surgery and pursuant to a prescription and referral from Radden. Plaintiff also claimed to have provided post-surgical care to Smith from January 15, 2019 to February 13, 2019, following a left knee surgery and pursuant to a prescription and referral from Dr. Michael Bagley. Plaintiff argued in relevant part that Smith's medical records show that he was involved in a motor vehicle accident on October 24, 2017, and that his "treating physicians . . . directly attribute the necessary surgeries and post-surgical care to the October 2017 motor vehicle accident." Plaintiff attached the medical records on which it relied.

The trial court granted defendant's motion for summary disposition, explaining its reasoning as follows:

> Thank you. Counsel, I, I don't usually grant MSDs. I usually do believe that it's in the province of the finder of fact, but I agree with you in this case. When you don't have Sean Smith able to testify and stricken, I don't think that they can overcome that. They need that patient and he's not participating and I don't, I disagree with you, counsel, I don't think you can just bring in medical records and satisfy. You know, I'm well aware of the exception, medical records exception for statements made for the purpose of diagnosis and treatment, but not to prove the underlying case of an auto accident, injured, arising out of the use of a, of a motor accident. I think without Sean Smith, you, you aren't able to proceed and I'm granting it on that basis.

The trial court denied plaintiff's motion for reconsideration. This appeal followed.

## II. STANDARD OF REVIEW

"This Court reviews the grant or denial of summary disposition de novo to determine if the moving party is entitled to judgment as a matter of law." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Summary disposition is proper under MCR 2.116(C)(10) when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). In evaluating a motion under MCR 2.116(C)(10), "a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion." *Maiden*, 461 Mich at 120 (citation omitted). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (quotation marks and citation omitted).

## III. ANALYSIS

"Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter." MCL 500.3105(1).

Here, the trial court ruled that summary disposition was warranted because plaintiff could not succeed on its claim as a matter of law because Smith was not able to testify. The trial court did not consider what the other record evidence showed when considered in the light most favorable to plaintiff as the nonmoving party. *Maiden*, 461 Mich at 120. Instead, the trial court only considered the record evidence to the extent that the trial court did not believe that the relative strength of that evidence was sufficient to survive summary disposition. "[I]t is well settled that the circuit court may not weigh the evidence or make determinations of credibility when deciding a motion for summary disposition." *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 480; 776 NW2d 398 (2009). Defendant's appellate arguments are similar to those of the trial court as they apply to the weight and relative strength of the record evidence.

Contrary to the proper legal standard for considering a motion for summary disposition under MCR 2.116(C)(10), the trial court in this case neglected to consider all of the submitted documentary evidence in the light most favorable to plaintiff to determine whether a genuine question of material fact existed. Instead, the trial court focused solely on the lack of available testimony from Smith and concluded that as a matter of law, plaintiff could not succeed in establishing its claim. The trial court did not consider whether other evidence in the record demonstrated a question of fact whether Smith suffered injuries as a result of a motor vehicle accident. See MCL 500.3105(1). When considering a motion under MCR 2.116(C)(10), "a trial court must consider *all evidence* submitted by the parties in the light most favorable to the party opposing the motion." *El-Khalil*, 504 Mich at 160 (emphasis added).

Accordingly, the trial court erred in granting summary disposition for its stated reason. This matter is remanded for the trial court to decide defendant's motion for summary disposition under the proper legal standard.

This Court need not address the parties' additional arguments relating to the coordination of benefits with Smith's health insurance provider because the trial court did not address these arguments in its ruling. "Appellate review is limited to issues actually decided by the trial court." *Allen v Keating*, 205 Mich App 560, 564; 517 NW2d 830 (1994).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff having prevailed is entitled to costs. MCR 7.219(A).

/s/ Douglas B. Shapiro
/s/ Stephen L. Borrello
/s/ Christopher P. Yates

-4-